IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARGIE BROCK,<br><br>Plaintiff,<br><br><br>vs.<br><br>SANDY CITY POLICE DEPT, et al.,<br>Defendants. | MEMORANDUM DECISION AND<br>ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:10-CV-570 TS |

## I. INTRODUCTION

This matter is before the Court for screening of Plaintiff's Complaint.  Plaintiff Margie

Blake-Brock is proceeding pro se and in forma pauperis.  She filed her Complaint with the Court

on June 21, 2010.  On October 14, 2011, Plaintiff filed a Motion to Amend/Correct Complaint,[1]

a Motion to Appoint Counsel,[2] and a Motion for Service of Process,[3] leading the Court to now

screen her Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a court must screen cases filed in forma pauperis and

must "dismiss the case at any time if the court determines that . . . the action or appeal (i) is

---

[1] Docket No. 10.

[2] Docket No. 11.

[3] Docket No. 12.

frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[4]

> We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. . . .  In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint."  In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[5]

> "In addition, we must construe a pro se appellant's complaint liberally."  This liberal treatment is not without limits, and "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[6]

### III. ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff's Proposed Amended Complaint names as Defendants "Sandy City Police

Department" and "Sandy City Corporation."[7]  Plaintiff alleges that Defendants should be held

liable under 42 U.S.C. § 1983 for acts allegedly committed by Sandy City Police Department

---

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation omitted); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[5] *Id.* at 1217-18 (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 & n.2 (10th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)).

[6] *Id.* at 1218 (quoting *Gaines v. Stenseng*, 292 F.3d at 1224 (10th Cir. 2002); *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted)).

[7] Docket No. 10 Ex. 1, at 1.

officers.[8]  Plaintiff alleges that these (unnamed) officers failed to enforce a stalking injunction

against her neighbors, cited Plaintiff for code enforcement violations while "other neighbors with

more egregious code violations were never cited and or ignored," and "zealously enforce[d]

various code violations against the plaintiff, with full knowledge of her age, disability and

medical conditions."[9]  Plaintiff also alleges that Defendant Sandy City Corporation should be

liable for the actions of its employee, Angela Snyder, when Ms. Snyder denied Plaintiff

"charitable help through the local Boy Scouts," "which [Sandy City Corporation] offers to every

other homeowner."[10]  Finally, Plaintiff argues that "Defendant[s'] have engaged in a

recognizable pattern of a wanton disregard for the duty to ALL residents and citizens that is

placed upon them as officers of the law and as an incorporated city," and that by failing to meet

this duty, Defendants have breached their statutory duty.[11]

## IV. ANALYSIS

The United States Supreme Court has stated that "a municipality cannot be held liable

under § 1983 on a respondeat superior theory."[12]

> [A] local government may not be sued under § 1983 for an injury inflicted solely
> by its employees or agents.  Instead, it is when execution of a government's
> policy or custom, whether made by its lawmakers or by those whose edicts or acts
> may fairly be said to represent official policy, inflicts the injury that the
> government as an entity is responsible under § 1983.[13]

---

[8] *Id.*

[9] *Id.* at 2-4.

[10] *Id.* at 2.

[11] *Id.* at 3.

[12] *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

[13] *Id.* at 694.

Plaintiff does not allege that the execution of a government's policy has led to the deprivations alleged in her Complaint.  Furthermore, Plaintiff has not alleged that a law or ordinance is behind either Ms. Snyder's or the officers' alleged deprivation of equal protection to Plaintiff.  Finally, with respect to her claim for breach of statutory duty, Plaintiff does not allege what statute applies, what duty Defendants' are breaching, or what Defendants are doing to breach that duty.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." [14]  Plaintiff cannot prevail on the facts she has alleged.  However, the Court cannot yet say that it would be futile to give her an opportunity to amend.  Therefore, the Court will allow Plaintiff to file an Amended Complaint that sets forth which constitutional or statutory rights are allegedly being violated and both the person(s) and action(s) allegedly violating those rights.  In doing so, the Court reminds Plaintiff that claims must be more than speculative, but be set forth with specificity.  If Plaintiff states a claim for which relief may be granted, the Court will review Plaintiff's Motion for Appointment of Counsel at that time.

## V. CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Plaintiff Margie Blake-Brock's Motion for Service of Process (Docket No. 12) is DENIED.  Plaintiff may file an amended Complaint, as set forth above, within thirty (30) days.  It is further

ORDERED that Plaintiff's Motion to Amend/Correct Complaint (Docket No. 10) is DENIED AS MOOT.

---

[14] *Kay*, 500 F.3d at 1217 (quotation omitted).

DATED   April 4, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge