IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARGIE BROCK,<br>Plaintiff,<br><br>vs.<br><br>SANDY CITY POLICE DEPT, et al.,<br>Defendants. | MEMORANDUM DECISION AND ORDER ON MOTION TO APPOINT COUNSEL<br><br>Case No. 2:10-CV-570 TS |

Plaintiff, Margie Brock, filed a pro se complaint under § 1983.[1] Plaintiff now moves for appointment of counsel.

Plaintiff has no constitutional right to counsel.[2] However, the Court may in its discretion appoint counsel for indigent parties.[3] "The burden is upon the applicant to convince the court that there is sufficient merit to [her] claim to warrant the appointment of counsel."[4]

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal issues raised

---

[1]*See* 42 U.S.C. § 1983 (2008).

[2]*See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3]*See* 28 U.S.C. § 1915(e)(1) (2008); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[4]*McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

by the claims.'"[5] Considering the above factors, the Court concludes here that, on initial review, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

IT IS HEREBY ORDERED that Plaintiff's motion for appointed counsel (Docket No. 11) is DENIED.

DATED August 20, 2012.

BY THE COURT:

______________________________
TED STEWART
United States District Judge

[5]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.