IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARGIE A. BLAKE-BROCK,<br><br>Plaintiff,<br><br>vs.<br><br>SANDY CITY POLICE, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:10-CV-570 TS |

This matter is before the Court on a Motion to Dismiss filed by Defendants Captain John Eining and the Sandy City Police Department. For the reasons discussed below, the Court will grant the Motion and dismiss this case.

I.  BACKGROUND

Plaintiff, who is proceeding pro se and in forma pauperis, filed her initial Complaint on June 30, 2010. An Amended Complaint was filed that same day. Both Complaints were brought against the Sandy City Police Department and Sandy City Corporation. Plaintiff alleged that certain Sandy City Police officers failed to enforce a stalking injunction against her neighbors and cited Plaintiff for code enforcement violations while not citing others.

On October 27, 2010, Plaintiff moved for, and received, an extension of time to serve Defendants. Nearly a year later, on October 4, 2011, after no action was taken, the Court issued an Order to Show Cause.

In response to the Order to Show Cause, Plaintiff moved for the appointment of counsel and for service of process. On April 4, 2012, the Court issued an order denying these motions. The Court reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and found it to be deficient for several reasons. Therefore, the Court denied Plaintiff's motion for service of process and ordered her to file an amended complaint.

Plaintiff filed her Second Amended Complaint on May 4, 2012. That complaint was largely the same as her previous complaints. As a result, on May 10, 2012, the Court ordered that Plaintiff submit yet another amended complaint, after again noting the deficiencies of her Second Amended Complaint.

Plaintiff filed her Third Amended Complaint on June 7, 2012. That complaint contains, for the most part, the same allegations as her previous complaints. However, in the Third Amended Complaint, Plaintiff names Captain John Eining, as well as the Sandy City Police Department, and John Does 1-12. Plaintiff's Third Amended Complaint alleges that Defendants failed to enforce a stalking injunction against her neighbors and issued her citations for code enforcement violations while not issuing citations to other similarly situated individuals.

Defendants Captain John Eining and the Sandy City Police Department were served with Plaintiff's Third Amended Complaint, and have filed a Motion to Dismiss. Plaintiff requests a

hearing and for the Court to appoint counsel for her. Additionally, Plaintiff moves to quash the Motion to Dismiss.

## II. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] As the Court in *Iqbal* stated, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief."[6]

As stated, Plaintiff is proceeding pro se. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[7] This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[8] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[9]

### III. DISCUSSION

Plaintiff's claims fall into two categories. First Plaintiff asserts that Defendants are liable because they failed to enforce a stalking injunction against her neighbors. Second, Plaintiff claims that Defendants discriminated against her by citing her for various code enforcement violations while not citing others. The Court will discuss each of these claims and will also discuss the liability of Defendant Sandy City Police Department.

---

[6] *Iqbal*, 556 U.S. at 679 (alteration in original) (internal quotation marks and citations omitted).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id*.

[9] *Perkins v. Kan. Dept. of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).

A.   BREACH OF DUTY

To state a claim under 42 U.S.C. § 1983, Plaintiff "must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[10]  Plaintiff's claims fail on the first prong.

Plaintiff alleges that Defendants have failed to enforce a restraining order against her neighbors.  Specifically, Plaintiff alleges that Defendants failed to comply with Utah Code Ann. § 77-36-2.4.  Under § 77-36-2.4(1), "[a] law enforcement officer shall, without a warrant, arrest an alleged perpetrator whenever there is probable cause to believe that the alleged perpetrator has violated any of the provisions of an ex parte protective order or protective order."

"Ex parte protective order" or "protective order" are defined terms, meaning: any protective order or ex parte protective order issued under the Cohabitant Abuse Act; any jail release agreement, jail release court order, pretrial protective order, or sentencing protective order issued under the Cohabitant Abuse Procedures Act; any child protective order or ex parte child protective order issued under the Child Protective Orders Act; or a foreign protection order enforceable under the Uniform Interstate Enforcement of Domestic Violence Protection Orders Act.[11]

Plaintiff's claim that Defendants violated § 77-36-2.4 is factually deficient and suffers from other flaws as well.  The Court finds that there are insufficient allegations in the claims that Plaintiff had a protective order or ex parte protective order, as defined in Utah Code Ann. §

---

[10] *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[11] Utah Code Ann. § 77-36-2.4(3).

77-36-2.4(3). Even assuming that Plaintiff was in possession of such an order, the statute only requires a law enforcement officer to arrest an alleged perpetrator when "there is probable cause to believe that the alleged perpetrator has violated any of the provisions of an ex parte protective order or protective order."[12] There are no allegations in any of Plaintiff's complaints to indicate that the officers had probable cause that Plaintiff's neighbors—the alleged subjects of the protective order—had violated the provisions of the protective order.

Further, the statute cited by Plaintiff is a state statute. It is well established that a § 1983 claim may not be based on a violation of state law.[13] Therefore, even if Defendants failed to comply with the requirements of Utah Code Ann. § 77-36-2.4, this, by itself, does not state a claim under § 1983.

Finally, the Court notes that the Supreme Court has stated that there is no right under the Due Process Clause to have the police enforce a restraining order or to arrest a third party.[14] Thus, any Due Process claim would be barred. Based on this precedent, the Tenth Circuit, in a similar case, upheld the dismissal of § 1983 claims based on an officer's failure to enforce a protective order the plaintiff had against her neighbors.[15] The Court finds the reasoning in

---

[12] *Id.* § 77-36-2.4(1).

[13] *Becker v. Kroll*, 494 F.3d 904, 917 (10th Cir. 2007) ("A state's violation of its own law, however, is not sufficient, in and of itself, to create a federal constitutional violation."); *Stanko v. Maher*, 419 F.3d 1107, 1117 (10th Cir. 2005) ("An action under § 1983, however, cannot be maintained on the basis of alleged violations of state law.").

[14] *Town of Castle Rock v. Gonzalez*, 545 U.S. 748, 768 (2005).

[15] *See Phillips v. Kerns*, 2012 WL 1678974, at *2 (10th Cir. May 15, 2012).

*Phillips* to be persuasive and reaches the same conclusion here. Based upon all of the above, the Court finds that Plaintiff has failed to state a claim on this ground.

B.     DISCRIMINATION

Plaintiff also argues that Defendants have discriminated against her. Specifically, Plaintiff argues that Defendants have issued citations to her for code enforcement violations, while they have not issued citations to others.

The Court construes Plaintiff's claim as being brought pursuant to the Equal Protection Clause and will analyze it under the "class-of-one" framework. To prevail under a class-of-one theory, "a plaintiff must first establish that others, 'similarly situated in every material respect' were treated differently."[16] "A plaintiff must then show this difference in treatment was without rational basis, that is, the government action was irrational and abuse and wholly unrelated to any legitimate state activity."[17] The Tenth Circuit has "recognized a substantial burden that plaintiffs demonstrate others similarly situated in all material respects were treated differently and that there is no objectively reasonable basis for the defendant's action."[18] The Tenth Circuit has also recently clarified that, under *Twombly* and *Iqbal*, a plaintiff must meet this "substantial burden" by offering "enough specific factual allegations to 'nudge[] their claims across the line from conceivable to plausible.'"[19]

---

[16] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (quoting *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1210 (10th Cir. 2006)).

[17] *Id.* (quotation marks and citations omitted).

[18] *Id.* at 1217 (quotation marks and citations omitted).

[19] *Id.* at 1219 (quoting *Twombly*, 550 U.S. at 570).

With this standard in mind, the Court considers Plaintiff's claims. Plaintiff alleges that "she was cited for code violations when other neighbors with more egregious code violations were never cited and or ignored."[20] Plaintiff further alleges that "Defendants chose to zealously enforce code violations against the plaintiff solely due to her age[,] disability[,] and mental conditions while not enforcing those same code provisions against others."[21] As a result, Plaintiff alleges that "the defendant's deprived the plaintiff of her Constitutionally protected rights of Equal Protection."[22]

Plaintiff, as did the plaintiff in *Kansas Penn Gaming, LLC*, offers nothing but conclusory allegations and legal conclusions devoid of factual development.[23] "These cursory allegations are inadequate to support any class-of-one claim."[24] Therefore, the Court must dismiss this claim as well.

C.  SANDY CITY POLICE DEPARTMENT

Defendant Sandy City Police Department seeks dismissal, arguing that it is not an entity subject to suit. "Sheriff's departments and police departments are not usually considered legal entities subject to suit."[25] As a result, this Court and others have repeatedly dismissed claims

---

[20] Docket No. 16, ¶ 10.

[21] *Id.* ¶ 15.

[22] *Id.* ¶ 12.

[23] *Kansas Penn Gaming, LLC*, 656 F.3d at 1219-20.

[24] *Id.* at 1220.

[25] *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)).

against police departments and have required they be brought against the municipality itself.[26] In this case, the Sandy City Police Department is not a separate entity from Sandy City. Therefore, it is not an appropriate Defendant and will be dismissed.

Additionally, though Plaintiff appears to have abandoned her claim against Sandy City, such a claim would also fail. "[U]nder § 1983, a municipality is liable for the unconstitutional acts of its employees only where the action was authorized by official municipal policy."[27] Here, there are no allegations that the incidents alleged were the result of an official municipal policy of the city. Therefore, the claims against Sandy City, should any remain, must be dismissed.

D.  AMENDMENT

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[28] In this action, the Court has repeatedly pointed out the deficiencies in Plaintiff's Complaints and has provided her multiple opportunities to amend. Despite these opportunities, Plaintiff has failed to state a claim. Therefore, the Court finds that further amendment would be futile and will dismiss Plaintiff's claims with prejudice.

---

[26] *See Cheek v. Garrett*, 2011 WL 1085784, at *2 (D. Utah Mar. 21, 2011).

[27] *Kansas Penn Gaming, LLC*, 656 F.3d at 1221.

[28] *Perkins*, 165 F.3d at 806.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 23) is GRANTED.  The Clerk of the Court is directed to close this case forthwith.

DATED   November 1, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge